UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE DEAN SCOTT,

                    Plaintiff,

        v.

WESTERN STATE HOSPITAL, *et al.*,

                    Defendants.

CASE NO. 3:25-cv-06184-BHS-GJL

ORDER DECLINING TO SERVE

The District Court referred this action to United States Magistrate Judge Grady J. Leupold. Plaintiff Kyle Dean Scott, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint under 42 U.S.C. § 1983 and a Motion to Appoint Counsel. Dkts. 6, 7. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court **DECLINES to serve** the Complaint, but **GRANTS** Plaintiff **leave to amend** it, if possible, to correct the deficiencies identified herein. The Court also **DENIES** the Motion to Appoint Counsel without prejudice. Dkt. 7.

//

//

ORDER DECLINING TO SERVE - 1

## I.    BACKGROUND

Plaintiff is a pretrial detainee located at Western State Hospital ("WSH"). *See* Dkt. 6. In Count I of his Complaint, Plaintiff alleges that while detained at WSH, Dr. Marilyn Ronnei incorrectly diagnosed him with delusions of grandeur and declared him incompetent to stand trial. *Id*. at 9. Plaintiff claims Dr. Ronnei's diagnosis and his resulting efforts to "fight[ ] the case" have led to a violation of his right to a speedy trial. *Id*.

In Count II, Plaintiff alleges the medical staff at WSH committed medical malpractice when they medicated Plaintiff with various antipsychotic medications. *Id.* at 10. These medications were used to treat Plaintiff's manic delusions, insomnia, anxiety, and bi-polar condition. *Id.* While on these medications Plaintiff has become addicted to them and his mental health has deteriorated. *Id.* at 11. He also claims that he committed his first felony while in jail and on these drugs. *Id.*

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

ORDER DECLINING TO SERVE - 2

*Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

Plaintiff's Complaint (Dkt. 6) suffers from deficiencies requiring dismissal if not corrected in an amended complaint or the filing of a habeas petition.

**A.      Improper Defendant**

In the Complaint, Plaintiff names Western State Hospital as a Defendant. Dkt. 6. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it

voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted).

Here, there is no indication Western State Hospital, a state entity, has waived sovereign immunity under the Eleventh Amendment. Furthermore, Western State Hospital is not a "person" under § 1983. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to Western State Hospital. *See Abdullah-El v. King Cnty. Mun. Ct.*, No. 2:14-cv-1437-RSM, 2015 WL 402792, at *3 (W.D. Wash. Jan. 28, 2015) (finding Western State Hospital is a state entity that is immune from suit); *Banks v. Washington*, No. 2:09-cv-5449-RBL-KLS, 2009 WL 3831539, at *3 (W.D. Wash. Nov. 13, 2009) (finding Western State Hospital is not a "person" under § 1983 and, therefore, not capable of being sued).

**B.      Count I - Allegations Regarding Criminal Proceedings**

         1.      Habeas Corpus versus § 1983 Action

It is unclear from the Complaint whether Plaintiff is seeking monetary damages exclusively, or whether he is also seeking immediate release from custody. To the extent that Plaintiff may be challenging the criminal proceedings against him, however, such claims must be raised in a habeas corpus petition rather than in a § 1983 complaint.

"Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). "A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cnty.*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is

ORDER DECLINING TO SERVE - 4

the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser*, 411 U.S. at 498–99) (quotations omitted).

Here, Plaintiff's allegations challenging his physical confinement, specifically those of a violation of his right to a speedy trial, may only be properly raised in a § 2241 habeas petition and are not cognizable in this § 1983 action. Therefore, Plaintiff has failed here to state a claim upon which relief can be granted.

### 2.    *Younger* Abstention

Although Plaintiff is seeking monetary damages related to Defendant Ronnei's actions, his claims appear to be integrally related to his underlying state criminal proceedings. As such, the claims in Count I may be inappropriate for review in federal court under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, *Younger* abstention appears to apply. First, Plaintiff is a pretrial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they

ORDER DECLINING TO SERVE - 5

implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Finally, to the extent Plaintiff is challenging the legality of his physical confinement, it appears Plaintiff is raising claims that would effectively enjoin the ongoing state judicial proceeding. Thus, it appears that Plaintiff brings an action that would unduly interfere with the state criminal proceedings and the Court should abstain from deciding these claims pursuant to *Younger*.

Accordingly, the Court directs Plaintiff to either show cause why Count I of the Complaint should not be dismissed under *Younger* or file an amended complaint with allegations of fact (if such facts exist) that would address this issue.

3.      *Heck* Bar

It further appears that Plaintiff's allegations in Count I challenging actions taken in his pending state criminal case may be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, and its progeny, the Supreme Court held that, where a judgment in a prisoner's favor on a § 1983 action would necessarily imply the invalidity of the individual's confinement, the claim is not cognizable until the confined individual demonstrates that the sentence, confinement, or conviction has been invalidated. *Heck*, 512 U.S. at 483, 486.

Here, Plaintiff argues that Dr. Ronnei delayed his trial when she diagnosed him with delusions of grandeur and declared him incompetent to stand trial. Dkt. 6. However, Plaintiff does not indicate if the affected criminal case has resolved or if, to date, a conviction, judgment, or sentence has been entered. *See id*. As it appears Plaintiff's criminal charges in the relevant case have not been dismissed and are still pending, the § 1983 claims related to that pending criminal case are not cognizable.

ORDER DECLINING TO SERVE - 6

## C.    Count II - Medical Malpractice Claim

In Count II of the Complaint, Plaintiff alleges that the WSH staff committed medical malpractice when they medicated him with anti-psychotic medications, causing him to develop a drug addiction. Dkt. 6 at 10–11. The Court will not, however, consider this state-law claim because the United States Supreme Court has stated that federal courts should refrain from exercising supplemental jurisdiction when the federal claim faces dismissal. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.") (citation omitted). If Plaintiff chooses to file an amended complaint, he may raise this claim again if he states a colorable federal claim.

## D.    Instructions to Plaintiff

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person or entity who violated the right; (3) exactly what the individual or entity did or failed to do; (4) how the action or inaction of the individual or entity is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's or entity's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for

the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking any Defendants to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

### III.    MOTION TO APPOINT COUNSEL

In his Motion to Appoint Counsel, Plaintiff states that he has tried to obtain counsel, but none of the attorneys he contacted responded to his requests. Dkt. 7 at 3. And he asserts that his claims have merit and are easily provable. *Id.* at 4.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718

ORDER DECLINING TO SERVE - 8

F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Without stating any colorable claims in the Complaint, Plaintiff cannot show that he is likely to succeed on the merits of this case. Therefore, the Motion to Appoint Counsel (Dkt. 7) is **DENIED without prejudice**.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff has **FAILED** to state a colorable federal claim in his Complaint (Dkt. 6). The Court also **DENIES without prejudice** the Motion to Appoint Counsel. Dkt. 7.

If Plaintiff **FAILS** to adequately address the issues raised herein or file an amended pleading on or before **March 4, 2026**, the undersigned will **RECOMMEND dismissal** of this action.

Finally, the Clerk of Court is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and for filing a civil rights complaint.

Dated this 3rd day of February, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING TO SERVE - 9