UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE DEAN SCOTT,

                    Plaintiff,

        v.

WESTERN STATE HOSPITAL, *et al.*,

                    Defendants.

CASE NO. 3:25-cv-06184-BHS-GJL

ORDER DECLINING TO SERVE

The District Court referred this action to United States Magistrate Judge Grady J. Leupold. Plaintiff Kyle Dean Scott, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983, along with a Motion to Appoint Counsel. Dkts. 12, 13. Having reviewed and screened Plaintiff's Amended Complaint (Dkt. 12) under 28 U.S.C. § 1915A, the Court **DECLINES to serve** the Amended Complaint, but **GRANTS** Plaintiff **leave to amend** it, if possible, to correct the deficiencies identified herein. The Court also **DENIES** the Motion to Appoint Counsel **without prejudice**. Dkt. 13.

//

//

ORDER DECLINING TO SERVE - 1

## I.    BACKGROUND

Plaintiff, a pretrial detainee located at Western State Hospital ("WSH"), filed a Complaint alleging he was incorrectly diagnosed with certain mental conditions and forced to take medications that caused delays to his criminal case. *See* Dkt. 6. After screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court declined to serve the Complaint, but provided Plaintiff with leave to amend the Complaint by March 4, 2026. *See* Dkt. 10.

Plaintiff filed an Amended Complaint on February 17, 2026. Dkt. 12. In the Amended Complaint, Plaintiff alleges that while detained at the Thurston County Jail in October 2016, Dr. Marilyn Ronnei incorrectly diagnosed him with delusions of grandeur and declared him incompetent to stand trial. *Id*. at 7–8. Plaintiff was admitted to WSH in January 2017, where he was forced to take medications that caused insomnia and anxiety issues, as well as "serious permanent mental illness." *Id*. at 9. Plaintiff claims these events occurred while a criminal case against him was pending, and that case was dismissed in 2020. *Id*. at 7.

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the

ORDER DECLINING TO SERVE - 2

violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Amended Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A.     Statute of Limitations**

In his Amended Complaint, Plaintiff alleges Defendants violated his constitutional rights when they incorrectly diagnosed him with mental illness and forced him to take medications from 2016 through 2017 while a criminal case against him was pending. Dkt. 12 at 7–11. Plaintiff alleges that criminal case was dismissed in 2020. *Id*. at 7.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash. 2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the

ORDER DECLINING TO SERVE - 3

defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, No. CV-04-123-RHW, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

From the allegations contained in the Amended Complaint, Plaintiff had actual notice of the facts related to the claims alleged in this lawsuit in 2016–2017. *See* Dkt. 12; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Further, Plaintiff alleges the criminal charges related to his 2016–2017 incarceration were dismissed in 2020. Dkt. 12 at 7. Even using the 2020 date, the time for filing a lawsuit expired three years later in 2023 (at the latest, December 31, 2023). Plaintiff initiated this lawsuit on December 30, 2025, approximately two years after the last possible date the statute of limitations expired. *See* Dkt. 1-1. Therefore, the Complaint appears to be untimely. Plaintiff has not shown statutory or equitable tolling is applicable in this case. *See* Dkt. 12. Accordingly, in an amended complaint Plaintiff must allege facts sufficient to show statutory or equitable tolling provisions are applicable in this case.

//

//

ORDER DECLINING TO SERVE - 4

**B.      Instructions to Plaintiff**

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person or entity who violated the right; (3) exactly what the individual or entity did or failed to do; (4) how the action or inaction of the individual or entity is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's or entity's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). **In the amended complaint, Plaintiff must also allege facts sufficient to show statutory or equitable tolling provisions are applicable in this case.**

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking any Defendants to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **April 15, 2026**, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

//

//

ORDER DECLINING TO SERVE - 5

### III.    MOTION TO APPOINT COUNSEL

In his Motion to Appoint Counsel, Plaintiff states that he has tried to obtain counsel, but none of the attorneys he contacted responded to his requests. Dkt. 13 at 3. And he asserts that his claims have merit and are easily provable. *Id.* at 4.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Without stating any colorable claims in the Amended Complaint, Plaintiff cannot show that he is likely to succeed on the merits of this case. Therefore, the Motion to Appoint Counsel (Dkt. 13) is **DENIED without prejudice**.

//

//

ORDER DECLINING TO SERVE - 6

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff has **FAILED** to state a colorable federal claim in his Amended Complaint (Dkt. 12). The Court also **DENIES without prejudice** the Motion to Appoint Counsel. Dkt. 13.

If Plaintiff **FAILS** to adequately address the issues raised herein or file an amended pleading on or before **April 15, 2026**, the undersigned will **RECOMMEND dismissal** of this action pursuant to 28 U.S.C. § 1915.

Finally, the Clerk of Court is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 17th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING TO SERVE - 7