UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE DEAN SCOTT,

                Plaintiff,

      v.

WESTERN STATE HOSPITAL, *et al.*,

                Defendants.

CASE NO. 3:25-cv-06184-BHS-GJL

REPORT AND RECOMMENDATION

Noting Date: May 8, 2026

This matter is before the Court on referral from the District Court. Presently before the Court is Plaintiff Kyle Dean Scott's Motion to Dismiss ("Motion"). Dkt. 15. Upon review of the Motion and relevant record, the Court **RECOMMENDS** that Plaintiff's Motion be **GRANTED** and this case be **DISMISSED without prejudice** pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND

Plaintiff initiated this action on December 30, 2025. Dkt. 1. In his initial Complaint, Plaintiff alleged he was incorrectly diagnosed with certain mental conditions and forced to take medications that caused delays to his criminal case. *See* Dkt. 6. After screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court declined to serve the Complaint, but provided Plaintiff with leave to amend the Complaint by March 4, 2026. *See* Dkt. 10.

REPORT AND RECOMMENDATION - 1

Plaintiff filed an Amended Complaint on February 17, 2026, with similar allegations. Dkt. 12. The Court screened this Amended Complaint in accordance with 28 U.S.C. § 1915A, and in an Order entered on March 17, 2026, declined to serve it, but granted Plaintiff leave to file a second amended complaint to correct the identified deficiencies. Dkt. 14. Specifically, the Court found the Amended Complaint appeared to be untimely and instructed Plaintiff that his second amended complaint must allege facts sufficient to show statutory or equitable tolling provisions are applicable in this case. *Id*. at 4.

On April 17, 2026. Plaintiff filed the instant Motion. Dkt. 15. In the Motion, Plaintiff requests the Court dismiss his case without prejudice. *Id*.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2).

Here, Plaintiff has requested dismissal of this action prior to service of a Complaint upon any named Defendant. *See* Dkt. 15. In the instant Motion, Plaintiff states he may be able to show equitable tolling is applicable in his case, but contends supporting evidence "would be easier obtained once Plaintiff is released from his current confinement." *Id*. at 1.

REPORT AND RECOMMENDATION - 2

From a review of the Motion, it is clear that Plaintiff no longer wishes to pursue this action at this time. Also, upon review of its own records and the records of other federal district courts, the Court finds Plaintiff has not previously dismissed an action based on or including the same claims at issue here. And again, no Defendant has yet been served in this case. As such, the Court concludes that Plaintiff's request for voluntary dismissal without prejudice should be granted.

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion to Dismiss (Dkt. 15) be **GRANTED** and this case be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 8, 2026**, as noted in the caption.

Dated this 24th day of April, 2026.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3